# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES WILLIAMS HAMMONDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 08-cv-72-MJR** |
| ) | |
| **GRANITE CITY ILLINOIS POLICE** ) | |
| **DEPARTMENT,** *et al.*, ) | |
| ) | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks unspecified relief for alleged violations of his constitutional rights (excessive use of force while confined in jail). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A,[1] which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or

---

[1]It is unclear whether Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915A(c). However, even if Plaintiff is not a "prisoner" the identical provisions of 28 U.S.C. § 1915(e)(2)(B) apply.

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that he was falsely arrested and later beaten by two unnamed police officers of the Granite City, Illinois Police Department. Plaintiff asserts that he suffered three broken ribs as a result of this alleged beating.

**DISCUSSION**

Claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). The Seventh Circuit, however, has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

In the context of convicted prisoners, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive

2

force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

When a plaintiff does not know the name of a defendant, he may use a fictitious name. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (holding that *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) impliedly recognized that plaintiffs can designate defendants by using fictitious names).

Based on the allegations of the complaint - and giving them the required liberal construction - the Court finds that Plaintiff's claims against the two unknown (John Doe) Defendants in the original complaint should not be dismissed at this point in the litigation. Plaintiff's claims against the Granite City, Illinois Police Department, however should be dismissed.

Under § 1983, plaintiff may only proceed against defendants who personally participated in a violation of his constitutional rights. "A defendant cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation." *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1979); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff sues the Granite City, Illinois Police Department, but the court doubts that entity is a person subject to suit under § 1983. Even if it can be sued entity, the department is not automatically liable under § 1983 for the wrongdoing of its employees. The doctrine of *respondeat superior* has no applicability in §

1983 cases, and it is well settled that a local government entity may not be held vicariously liable under § 1983 for the actions of its employee, unless the employee acted pursuant to a government policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff makes no allegation that the John Doe Defendants, or anyone else, acted pursuant to an official policy or custom. His claims against the Granite City, Illinois Police Department, therefore, are inadequate to bring this defendant into a § 1983 action.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claims against the Granite City, Illinois Police Department are **DISMISSED,** without prejudice.

The Clerk is **DIRECTED** to send Plaintiff **TWO** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Service shall not be made on a John Doe Defendant until such time as (1) the Plaintiff has identified the John Doe Defendant by his proper name on a properly completed USM-285 form; (2) Plaintiff has submitted the properly completed USM-285 form to the Court; and (3) Plaintiff has identified the John Doe Defendant in a properly filed amended complaint.** Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order, Plaintiff shall advise the Court, in writing, of the steps he has taken, if any, to obtain the proper names and service addresses of the John Doe Defendants.

**IT IS FURTHER ORDERED** that if Plaintiff fails to advise the Court, in writing, of the steps he has taken to obtain the proper names and service addresses of the John Doe Defendants within the time period specified, then his complaint may be dismissed pursuant to Rule 41 of the

Federal Rules of Civil Procedure.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for any Defendant properly identified by Plaintiff and for whom Plaintiff submits a properly completed USM-285 form. The Clerk shall forward the completed Form 1A, the completed Form 1B, the properly completed USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on the identified Defendants in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the identified Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver

of service is not returned by an identified defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon each identified defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 30th day of June, 2008.**

                                       **s/ Michael J. Reagan**
                                       **MICHAEL J. REAGAN**
                                       **United States District Judge**